UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRIYAA KANNAN,<br><br>               Plaintiff,<br>    v.<br><br>TRAVELERS COMMERICAL INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. 2:25-cv-00947-LK<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court sua sponte. Despite invoking diversity jurisdiction, Plaintiff Priyaa Kannan's complaint does not adequately allege the parties' citizenship.

      Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up).

ORDER TO SHOW CAUSE - 1

The complaint alleges that Kannan "is an individual that resides in Seattle, King County, Washington." Dkt. No. 1 at 1. But individuals are citizens of the place in which they are domiciled, which is not necessarily the same as where they reside. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

The complaint also does not properly allege Defendant Travelers Commercial Insurance Company's citizenship. It alleges only that Travelers "is a foreign insurance company." Dkt. No. 1 at 1. Properly alleging Travelers' citizenship involves determining whether it should be treated as an incorporated or unincorporated entity. Whether an insurance company is a corporation for diversity purposes depends on how the relevant state's law treats it. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550 (7th Cir. 1988) (observing that Texas mutual insurance company was an unincorporated association under Texas law, while Minnesota law treated mutual insurance company as a corporation); *see also e.g.*, *S.P. v. Spinks*, No. 2:20CV995-MHT, 2021 WL 1383233, at *1 (M.D. Ala. Apr. 12, 2021) ("Whether State Farm should be considered a corporation for diversity purposes depends on state law." (cleaned up)).

Plaintiff is therefore ORDERED TO SHOW CAUSE why her complaint should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 1. If Plaintiff files an amended complaint correcting the jurisdictional allegations by June 6, 2025, the Court will discharge its order. Any amended complaint must comply with Local Civil Rule 15(a).

Dated this 23rd day of May, 2025.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 2